**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re:<br>STANLEY W. WILLIAMS<br>*Debtor*<br><br>UMB Bank, National Association not in its individual capacity, but solely as legal title trustee for LVS Title Trust 2018-3<br>*Movant*<br>vs.<br>STANLEY W. WILLIAMS<br>*Debtor/Respondents*<br>ALLPROFIT, LLC<br>*Non-Filing Co-Debtor/Respondent,*<br>and<br>KENNETH E. WEST, Esquire,<br>*Trustee/Respondent* | Bankruptcy No. 25-14887-AMC<br>Chapter 13 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY UNDER 11 U.S.C. § 362 AND §1301**

Movant, UMB Bank, National Association not in its individual capacity, but solely as legal title trustee for LVS Title Trust 2018-3, by its Attorneys, Hladik, Onorato & Federman, LLP, hereby requests a termination of the Automatic Stay and Co-Debtor Stay and leave to proceed with its State Court rights provided under the terms of the Mortgage.

1. Movant is UMB Bank, National Association not in its individual capacity, but solely as legal title trustee for LVS Title Trust 2018-3 ("Movant").

2. Debtor(s) is/are the current owner of the premises located at 4511 North Carlisle Street, Philadelphia, PA 19140 (the "Property").

3. Kenneth E. West, Esquire is the Trustee appointed by the Court.

4. Debtor, Stanley W. Williams ("Debtor") filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on December 1, 2025.

5. The Debtor and Allprofit, LLC ("Non-Filing Co-Debtor"), are currently obligated to Movant under the terms of a certain Note, dated 01/07/2022, in the original amount of $154,000.00, executed by Allprofit, LLC, by and through its managing member, Stanley Williams. A true and correct copy of the Note is attached to Proof of Claim #7, filed on 2/6/2026 on the Claims Register.

6. As security for repayment of the Note, Stanley Williams, as managing member of Allprofit, LLC, executed a mortgage on the same date and in the even amount stated in the Note.

7. Movant is the holder of a first mortgage lien on the Property, in the original amount of $154,000.00 (the "Mortgage"), and was executed by Debtor as managing member of Non-Filing Co-Debtor. The Mortgage was recorded on April 6, 2022. A true and correct copy of the Mortgage is attached to Proof of Claim #7, filed on 2/6/2026 on the Claims Register.

8. The Mortgage was assigned to Movant by way of a written assignment of mortgage, which was recorded on September 16, 2026 (the "Assignment of Mortgage"). A true and correct copy of the Assignment of Mortgage is attached to the Transfer of Claim, filed on September 22, 2026 (Doc # 36).

9. The entity that has the right to foreclose is UMB Bank, National Association not in its individual capacity, but solely as legal title trustee for LVS Title Trust 2018-3.

10. Movant has not received the following monthly post-petition payments:

| | |
|---|---|
| 6/1/2026 – 9/1/2026 @ $1,450.80 each | $5,803.20 |
| Less Suspense | ($1,345.20) |
| Legal Fees | $1,549.00 |
| **Total Amount Due Post-Petition:** | **$6,007.00** |

11. Debtor is in default under the terms of the Note and Mortgage by failing to make the required post-petition mortgage payments.

12. Due to the Debtor's failure to make post-petition mortgage payments when due, Movant lacks adequate protection of its security interest in the Property.

13. Movant has cause to have the Automatic Stay terminated, in order to permit Movant to complete its foreclosure on its Mortgage.

14. Pursuant to 11 U.S.C. 362, the Automatic Stay of the Bankruptcy Code should be terminated as to Movant because:

    a. Movant lacks adequate protection of its security interest under 11 U.S.C. 362(d)(1); and

    b. Debtor has no equity in the mortgaged property and the property is not necessary for an effective reorganization. 11 U.S.C. 362(d)(2).

15. The Co-Debtor Stay of Section § 1301 should be terminated as to Allprofit, LLC, pursuant to 11 U.S.C. 1301(c) because the Movant's interests would be irreparably harmed by a continuation of the stay.

16. Movant requests waiver of Rule 4001 (a)(4) permitting Movant to immediately enforce and implement any Order for relief.

17. This Motion and the averments contained herein do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this Motion, including fees and costs, due under the terms of the Mortgage and applicable law.

**WHEREFORE,** Movant respectfully requests that this Court enter an Order:

a. Modifying the Automatic Stay and Co-Debtor Stay under 11 U.S.C. § 362 and §1301 of the Bankruptcy Code with respect to the Property as to permit Movant to foreclose on its Mortgage and allow Movant or any other purchaser at Sheriff's Sale to take legal or consensual action for enforcement of its right to possession of, or title to; and

b. Granting any other relief that this Court deems equitable and just.

Respectfully submitted,

**HLADIK, ONORATO & FEDERMAN, LLP**

Date: 09/30/2026

*/s/ Danielle Boyle-Ebersole, Esquire*
Danielle Boyle-Ebersole, Esquire
Hladik, Onorato & Federman, LLP
Attorney I.D. # 81747
298 Wissahickon Avenue
North Wales, PA 19454
Phone (215) 855-9521
Email: dboyle-ebersole@hoflawgroup.com