**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re:<br>STANLEY W. WILLIAMS<br>*Debtor*<br><br>UMB BANK, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR LVS TITLE TRUST 2018-3<br>*Movant*<br>vs.<br>STANLEY W. WILLIAMS<br>*Debtor/Respondents*<br>ALLPROFIT, LLC<br>*Non-Filing Co-Debtor/Respondent,*<br>and<br>KENNETH E. WEST, Esquire,<br>*Trustee/Respondent* | Bankruptcy No. 25-14887-AMC<br>Chapter 13 |

**STIPULATION AGREEMENT SETTLING**
**MOTION FOR RELIEF FROM AUTOMATIC STAY AND §1301 CO-DEBTOR STAY**

AND NOW, upon the Motion of UMB Bank, National Association not in its individual capacity, but solely as legal title trustee for LVS Title Trust 2018-3 ("Creditor"/ "Movant"), through its counsel, Hladik, Onorato & Federman, LLP, for relief from the automatic stay pursuant to Bankruptcy Code § 362(d), and § 1301 as to AllProfit, LLC, as to certain property, 4511 North Carlisle Street, Philadelphia, PA 19140 (the "Property"), it is hereby agreed as follows:

Stanley W. Williams (hereafter, "Debtor)") acknowledges that the following monthly post-petition mortgage payments are due as follows:

Monthly Payments June 1, 2026 through October 1, 2026 @ $1,450.80……………**$7,254.00**
Attorney's Fees/Costs……………………………………………………………..**$1,549.00**
Suspense Balance:…………………………………………………………………**($1,345.20)**
Arrears ("Arrears")………………………………………………………………..**$7,457.80**

1. Debtor shall cure the Arrears as set forth above in the following manner:

   a. The total post-petition arrears, in the amount of **$7,457.80** shall be added into, and paid through, the Chapter 13 Plan of Reorganization in addition to the current arrearage amount on Movant's Proof of Claim. Counsel for Debtor(s) shall file an Amended Plan within fifteen (15) days of the entry of this Stipulation.

2. Debtor agrees to continue making the regular post-petition monthly mortgage payments to Creditor in the amount of **$1,450.80** (or as may be adjusted from time to time, as per standard escrow practices), commencing with the **November 1, 2026,** payment and monthly every payment thereafter.

3. Debtor shall make the regular monthly payments required to the Trustee.

4. Debtor shall send all payments due directly to Creditor at the address below:

**Rushmore Servicing**
**P.O. Box 619094**
**Dallas, TX 75261**

**Rushmore's** loan **#xxxxx8145** must appear on each payment.

5. In the event Debtor fails to make any of the payments set forth hereinabove (or real estate taxes and/or hazard insurance when due) on or before the due dates, Creditor and/or Counsel may give Debtor and Counsel for Debtor notice of the default. If Debtor does not cure the default within ten (10) days of the notice, upon Certification of Default to the Court, and request for Order, with a copy to Debtor and Counsel for Debtor, Creditor shall immediately have relief from the bankruptcy stay, and co-debtor stay, upon entry of Court Order. Debtor's opportunity to cure the default shall be limited to two (2) occurrences. Upon the third occurrence, Creditor may file a Certification of Default with the Court without notice to Debtor or Debtor's counsel.

6. The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

7. Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

8. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code, then Debtors shall pay all pre-petition arrears and post-petition arrears within 10 days from the date the case is converted. If Debtor fails to make payments in accordance with this paragraph, then the Creditor, through Counsel, may file a certification setting forth said failure and the Creditor shall be granted immediate relief from the automatic stay.

9. It is further agreed that the 14-day stay provided by Rule 4001(a)(4) is hereby waived.

10. The undersigned parties request that the Court enter an Order approving this Consent Order/Stipulation and the terms therein.

By signing this Stipulation, Counsel for Debtor represents that the Debtor is familiar with and understand the terms of this Stipulation and agrees to said terms regardless of whether the Debtor has/have signed this Stipulation. Seen and agreed by the parties on the date set forth below:

/s/ Danielle Boyle-Ebersole
Danielle Boyle-Ebersole, Esquire
Counsel for Creditor

Date: 10/19/2026

/s/ Michael A. Cibik
Michael A. Cibik, Esquire
Counsel for Debtor

Date: 10/16/2026

/s/ Jack K. Miller, Esquire for
Kenneth E. West, Esquire
Trustee

Date: 10/20/2026